IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY M. SCHLEE, | ) | CASE NO.  1:07-cv-00487 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | NANCY A. VECCHIARELLI |
| JESSE WILLIAMS, | ) | |
| | ) | |
| Respondent. | ) | REPORT AND RECOMMENDATION |

On March 3, 2008, Petitioner filed a "Motion to Alter or Amend Judgment Pursuant to Federal Civil Rule 59(e)."  (Doc. 47)   In response, Respondent filed a motion in opposition on April 2, 2008.  (Doc. 51.)  Petitioner filed a reply memorandum on April 16, 2008.  (Doc. 55.)  For the reasons set forth below, the motion alter or amend judgment should be **DENIED**.

In his motion to alter or amend judgment, Petitioner moves the Court to alter or amend Judge Lioi's February 22, 2008 Order denying Petitioner's request to supplement the record with seventeen different documents, including, but not limited to, transcripts, motions, and witness and exhibit lists from his first trial in 1993 and his second trial in 2004.  (Doc. 47 at 3.)   Specifically, Petitioner asks the Court to amend its Order to allow for the supplementation of nine of the seventeen items originally requested.  The nine items follow:

- The transcript of a hearing held on June 27 and 28, 2002 regarding leave to file a motion for a new trial (Item 3 in the original motion)

- The transcript of a September 28, 1992 grand jury proceeding (Item 4)

- The transcript of Petitioner's 1993 trial (Item 5)

- December 1, 1992 motion to compel (Item 6)

- December 9, 1992 motion to compel (Item 7)

- December 10, 1992 State's response brief to a motion to compel (Item 8)

- January 6, 1993 State's response to a motion to compel (Item 9)

- Journal entry dated January 12, 1993 addressing the motions to compel (Item 10)

- February 11, 1997 motion to compel (Item 11).

Respondent argues, and the Magistrate Judge agrees, that Judge Lioi's Order denying supplementation is not the proper subject of a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e).  Rule 59(e) only applies to final judgments. *GenCorp, Inc. V. Am. Int'l Underwriters*, 178 F.3d 804, 832-33 (6th Cir. 1999).  As Judge Lioi's Order is merely an interlocutory order that does not dispose of any claims or parties, Rule 59(e) is inapplicable.

Although the Federal Rules of Civil Procedure do not specifically address the reconsideration of interlocutory orders, the Sixth Circuit has recognized that such an order may be reconsidered by the district court pursuant to its common law powers and Rule 54(b).  *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F.App'x 949, 959 (6th Cir. 2004).   Rule 54(b) provides, in part:

> [A]ny order. . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Traditionally, courts will find justification for reconsidering interlocutory orders

where there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice.  *Rodriguez*, 89 F. App'x at 959. Petitioner makes two arguments for reconsideration - (1) the availability of new evidence and (2) that failure to supplement the record will result in a manifest injustice.  Both arguments fail to persuade the Magistrate Judge.

Petitioner's new evidence argument fails for multiple reasons.  First, the argument was made only in his Reply Brief, therefore it is not properly before this Court.  Second, the evidence at issue cannot be accurately described as "new."  Petitioner filed his motion to supplement on November 30, 2007.  He claims he did not discover the alleged new evidence - an *amici curiae* brief - until December 2007.  However, the *amici curiae* brief at issue was filed with the Supreme Court of Ohio on March 27, 2007, seven months prior to Petitioner filing his motion to supplement.   Clearly, such evidence is not "new" and Petitioner has failed to explain why this evidence was not "discovered" prior to December 2007.   In addition, Petitioner fails to explain how this alleged new evidence has any bearing on the Court's previous decision to deny the motion to supplement.   Petitioner merely states that the new evidence "goes directly to heart of Petitioner's claim of actual innocence, and the issue of double jeopardy presented in Ground Seven," without further explanation.   Thus, the new evidence presented by Petitioner does not give the Magistrate Judge a basis on which to recommend that Petitioner's Motion to Amend and Alter be granted.

Petitioner also fails to present a viable argument that the denial of the motion to supplement results in a manifest injustice. The documents that Petitioner want to introduce into the record all regard his first trial which was vacated by the trial court

upon granting Petitioner's motion for a new trial.   At issue in the instant action is Petitioner's second trial in 2004.  Thus, the documents at issue are irrelevant to this proceeding, as previously stated by Judge Lioi.  Therefore, the Magistrate Judge recommends that Petitioner's Motion to Alter or Amend be **DENIED**.

s/ *Nancy A. Vecchiarelli*
Nancy A. Vecchiarelli
United States Magistrate Judge

Date:  September 3, 2008

## OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  See also *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g* denied, 474 U.S. 1111.**