IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LARRY M. SCHLEE, | ) CASE NO.  1:07-cv-00487 |
| | ) |
| Petitioner, | ) JUDGE SARA LIOI |
| | ) |
| v. | ) MAGISTRATE JUDGE |
| | ) NANCY A. VECCHIARELLI |
| JESSE WILLIAMS, | ) |
| | ) |
| Respondent. | ) <u>ORDER</u> |

On April 4, 2008, Petitioner filed an "Emergency Motion for a Stay of Destruction of Evidence." (Doc. 53.)   In response, Respondent filed a motion in opposition. (Doc. 54.)  Petitioner filed a reply memorandum on April 18, 2008.  (Doc. 56.)  For the reasons set forth below, the motion for stay is denied.

In his motion for stay, Petitioner requests that this Court stay proceedings in the Lake County Court of Common Pleas, Case No. 92-CR-000517.  Specifically, Petitioner seeks to prevent the court from ordering the release of clothing of the Frank Carroll, the victim of the murder committed by Petitioner, for the purposes of burial.

Petitioner asserts that the clothing is exculpatory evidence that would be critical to his defense, should he be granted a new trial.  Petitioner argues that clothing would show a lack of bullet holes, demonstrating that Carroll was not shot between the sixth and seventh vertebrae, which is the State's theory of the case.  Petitioner also maintains that the clothing is necessary to gather trace and DNA evidence.

Petitioner does not state under which federal statute or rule, or even under what legal theory, this Court should employ to stay the proceedings in the state court. Respondent presumed that Petitioner's motion was advanced under Rule 65 of the

Federal Rules of Civil Procedure, which grants the Court the power to issue a preliminary injunction.  In contrast, Petitioner asserts in his reply brief, his motion is "not simply a motion for a temporary restraining order and/or preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, as Respondent contends. . . ." (Reply Brief at 7.)  However, Petitioner does not state under what law under which he asks this Court to proceed and just states that his motion is an "Emergency Motion requesting this Court to issue an order in aid of this Court's jurisdiction. Without further explanation of his legal theory, Petitioner gives this Court no legal basis on which to grant his motion.

Assuming *arguendo* that Petitioner's motion for stay is in fact a motion for a preliminary injunction pursuant to Rule 65, the motion still fails provide a basis for staying state court proceedings.

Under Rule 65, the party seeking a preliminary injunction bears the burden of establishing :immediate and irreparable injury, loss, or damage will result."   Fed. R. Civ. P. 65(b)(1).  In determining whether to grant or deny such relief, federal courts balance the following factors:

> (1) Whether the party seeking the injunction has shown a substantial likelihood of success on the merits;
>
> (2) Whether the party seeking the injunction will suffer irreparable harm absent the injunction;
>
> (3) Whether an injunction will cause others to suffer substantial harm; and
>
> (4) Whether the public interest would be served by the preliminary injunction.
>
> *Memphis Planned Parenthood, Inc. v. Sundquist*, 175 F.3d 456, 460 (6th Cir.
>
> 1999).

In the instant action, Petitioner simply does not demonstrate that he would suffer

any irreparable harm. Petitioner claims that he needs the actual clothing in evidence to make his case rather than the photographs of the clothing taken by the prosecution. Petitioner argues that the clothing itself is necessary to show that no bullet holes exist in the clothing. However, Petitioner fails to explain why photographs of the clothing fail to show the lack of bullet holes.

Petitioner further argues that the clothing should not be released, so that it can be tested for trace evidence and DNA. But Petitioner fails to present any factual basis or even theory for what the trace and DNA evidence would be or how it would amount to exculpatory evidence.

Without a showing of irreparable harm, this Court has no basis to issue a preliminary injunction. Therefore, Petitioner's Motion for Stay is DENIED.[1]

IT IS SO ORDERED.

s/ *Nancy A. Vecchiarelli*
NANCY A. VECCHIARELLI
U.S. MAGISTRATE JUDGE

Date: September 23, 2008

---

[1] In his reply brief, moves the Court to take additional actions not discussed in his original motion. As these motions were not properly made and the Respondent not given the opportunity to respond, they are denied. Even if they were properly before the Court, they would be denied on the merits.

The first request is for an evidentiary hearing regarding the motion for stay. Such a hearing is unnecessary for the Court to make a ruling on this case, as Petitioner's sole purpose of the evidentiary hearing is to "conduct an in-camera view of the clothing in order for this Court to confirm there are no bullet holes in the clothing." (Reply at 7.) As the existence or non-existence of a bullet hole in the clothing has no bearing on this decision, this request is denied.

The second request is for leave to file a reply brief to any potential response brief filed by Respondent to Petitioner's Traverse. (Reply at 9.) As Respondent has not filed such a response brief and has not sought leave to file such a brief, the issue is moot and the motion is denied.