IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY M. SCHLEE, | ) | CASE NO. 1:07-cv-00487 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | NANCY A. VECCHIARELLI |
| JESSE WILLIAMS, | ) | |
| | ) | |
| Respondent. | ) | MEMORANDUM and ORDER |

On October 8, 2008, Petitioner filed a "Motion for Reconsideration Pursuant to Federal Civil Rule 59(e) and/or 54(b) - And- Petitioner's Objections to Magistrate Judge's Order." (Doc. 61.) The Respondent filed no memorandum in response. Procedurally, this motion is inappropriate because the Petitioner is seeking relief from two different judicial officers - the reconsideration is a matter for the Magistrate Judge, and the objections are for the District Court Judge. Nevertheless, as Petitioner is proceeding *pro se*, the Magistrate Judge will rule only on that portion of the motion pertaining to the motion for reconsideration.[1] For the reasons set forth below, the motion for reconsideration is **DENIED** in part.

---

[1] The Magistrate Judge makes no ruling on the Objections to her order, as that ruling is a matter for Judge Lioi. Further, on November 7, 2008, Petitioner filed a supplement to his motion to reconsider and to his objections. (Doc. 65.) In this Memorandum and Order, the Magistrate Judge considers the supplemental matters Petitioner presents in the motion to supplement without ruling upon that motion. A ruling upon the motion to supplement is reserved for Judge Lioi.

In his motion to reconsider, Petitioner moves the undersigned to reconsider her September 23, 2008 order (Doc. 59) denying Petitioner's "Emergency Motion for a Stay of Destruction of Evidence." In his motion for stay, Petitioner requested that this Court stay proceedings in the Lake County Court of Common Pleas, Case No. 92-CR-000517.

Petitioner seeks reconsideration pursuant to Rules 59(e) and 54(b) of the Federal Rules of Civil Procedure. As Rule 59(e) applies to only final judgments, Petitioner's Motion for Reconsideration will be evaluated under 54(b). *See GenCorp, Inc. V. Am. Int'l Underwriters*, 178 F.3d 804, 832-33 (6th Cir. 1999).

Although the Federal Rules of Civil Procedure do not specifically address the reconsideration of interlocutory orders, the Sixth Circuit has recognized that such an order may be reconsidered by the district court pursuant to its common law powers and Rule 54(b). *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F.App'x 949, 959 (6th Cir. 2004). Rule 54(b) provides, in part:

> [A]ny order. . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Traditionally, courts will find justification for reconsidering interlocutory orders where there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice. *Rodriguez*, 89 F. App'x at 959. Petitioner appears to argue that his motion for reconsideration should be granted on the basis that it is needed to correct a clear error and prevent manifest injustice. Petitioner presents four

-2-

arguments.

Petitioner's first argument is that the Court stated that he murdered Frank Carroll, when he is "actually innocent" of this crime. However, the Petitioner was, in fact, found guilty of the murder of Frank Carroll and there has been no finding that Petitioner either has made a colorable showing of actual innocense or that he is actually innocent of this crime.

Petitioner's second argument is that the undersigned did not "liberally construe" Petitioner's motion for stay. Petitioner asserts that his "Emergency Motion" is not "simply" a motion for a preliminary injunction evaluated under the standards of Rule 65 of the Federal Rules of Civil Procedure, but rather a motion "to issue an order in aid of this Court's jurisdiction, (2) intervene in order to protect Petitioner's rights and to prevent the destruction of this evidence that is both material and relevant, and also (3) a motion for temporary restraining order and/or preliminary injunction." However, no matter how the Petitioner phrases his request, he ultimately is seeking injunctive relief. A motion for injunctive relief is evaluated under the balancing test set forth in the undersigned's previous Order:

> (1) Whether the party seeking the injunction has shown a substantial likelihood of success on the merits;
>
> (2) Whether the party seeking the injunction will suffer irreparable harm absent the injunction;
>
> (3) Whether an injunction will cause others to suffer substantial harm; and
>
> (4) Whether the public interest would be served by the preliminary injunction.

*Memphis Planned Parenthood, Inc. v. Sundquist*, 175 F.3d 456, 460 (6th Cir.

1999). The fact that this is a request for injunctive relief in a habeas case does not change this standard. See Gilliam v. Foster, 61 F.3d 1070 (4th Cir. 1995).

Petitioner's third argument for reconsideration is essentially a rehash of the arguments set forth in Petitioner's original motion for stay. The undersigned has already considered and rejected these arguments.

Petitioner's fourth argument for reconsideration takes issue with the Court's determination that preservation of Frank Carroll's clothes is not needed. Specifically, Petitioner argues that photographs of the clothing would be insufficient because potentially a "frayed area, a wrinkle, or even a stain could appear as a hole in the clothing . . . indicating a bullet hole where none exists." This argument is speculative and unsupported.

Petitioner also asserts that DNA evidence on the clothing would show that witness Amy Binns Woodsby came in contact with Carroll the night of his murder in contradiction with her testimony, demonstrating that "she was much more involved in Frank Carroll's death than she is willing to admit." But Petitioner fails to show how this alleged DNA evidence would demonstrate that Woodsby played any part in the crime or that Petitioner did not murder Carroll.

Finally, Petitioner supplemented his motion to reconsider with an argument regarding an unpublished order in *Emerick v. Huffman*, Case No C-3-99-051 (S.D. Ohio) in which Magistrate Judge Michael Merz granted a petitioner's motion to stay destruction of evidence. However, Magistrate Judge Merz summarily granted the motion and supplies no legal reasoning for the decision. Therefore, the order provides no basis to reconsider this Court's earlier order.

As such, this Court lacks sufficient reasons to reconsider its earlier Order denying Petitioner's Emergency Motion for Stay.  Therefore, Petitioner's Motion for Reconsideration is **DENIED** in part.

s/ *Nancy A. Vecchiarelli*<br>
Nancy A. Vecchiarelli<br>
United States Magistrate Judge

Date: November 12, 2008