# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | | |
|---|---|---|---|
| LARRY M. SCHLEE, | ) | CASE NO. 1:07CV487 | |
| | ) | | |
| PETITIONER, | ) | JUDGE SARA LIOI | |
| | ) | | |
| vs. | ) | | |
| | ) | **MEMORANDUM OPINION** | |
| JESSE WILLIAMS, | ) | **AND ORDER** | |
| | ) | | |
| RESPONDENT. | ) | (Resolving Doc. Nos. 47, 61, 64, 65) | |
| | ) | | |

Before the Court are two matters: (1) Report and Recommendation ("R&R") (Doc. No. 57) of Magistrate Judge Nancy A. Vecchiarelli to deny petitioner's motion to alter or amend judgment (Doc. No. 47) and petitioner's objections to the R&R (Doc. No. 60); and (2) petitioner's objections (Doc. No. 70) to the Magistrate Judge's Memorandum and Order dated November 12, 2008 (Doc. No. 66) wherein she denied a motion for reconsideration. For the reasons discussed herein, Doc. No. 57 is **ACCEPTED IN PART AND REJECTED IN PART,** Doc. No. 47 is **GRANTED**, and Doc. No. 70 is **OVERRULED**.

In addition, there are several related motions. As set forth below, Doc. No. 64 is **GRANTED** and Doc. Nos. 61 and 65 are **DENIED AS MOOT**.

# I. BACKGROUND

This habeas corpus petition was filed on February 21, 2007. On October 12, 2007, the respondent filed his answer, styled as "Return of Writ" (Doc. No. 16),[1] along with the complete state court record, manually filed. (Doc. Nos. 17-34.)

Before filing his reply to respondent's answer, petitioner filed a motion for an order directing respondent to supplement the record. (Doc. No. 36.) This motion was denied by the Court on February 22, 2008. However, by the same order, the Court granted petitioner's separate motion (Doc. No. 15) to allow him to supplement his petition by adding a variety of affidavits and exhibits. The Court also granted petitioner leave until sixty (60) days after any resolution by the Ohio Supreme Court of a pending due process claim to file his reply to respondent's answer. (*See* Doc. No. 42.)

On February 28, 2008, following the lifting of the stay which had been imposed pending the ruling by the Ohio Supreme Court, petitioner filed his reply to respondent's answer; this reply included the additional materials which the Court had granted petitioner leave to file. (Doc. No. 46.)[2] In his current objections to the R&R, petitioner refers to this document as "Traverse I." Petitioner subsequently filed a second "Traverse" (Doc. No. 52), which he calls "Traverse II."

On March 3, 2008, petitioner filed a motion to alter or amend the judgment (Doc. No. 47), seeking to overturn the Court's February 22nd Order. The Court referred to this motion to the Magistrate Judge for an R&R, which has now been filed. (Doc. No. 57.)

---

[1] Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts addresses the Answer and Reply, documents which were formerly known as Return and Traverse. The parties here are using the old terminology.

[2] This document is 569 pages and was, therefore, manually filed.

On April 4, 2008, petitioner filed an emergency motion (Doc. No. 53) for a stay of destruction of evidence, seeking an order directing the Lake County Prosecuting Attorney to stay destruction, disposal or release of any evidence associated with petitioner's criminal case. In particular, petitioner was concerned about the destruction or release of the clothing of Frank Carroll, the victim of the murder committed by the petitioner. On September 23, 2008, the Magistrate Judge denied this motion. (Doc. No. 59.) Petitioner quickly filed a document styled as both a motion for reconsideration and objections to the Magistrate Judge's order. (Doc. No. 61.) He later filed a motion for leave to supplement this document. (Doc. No. 65.) He also filed a motion for leave to supplement his objections to the R&R. (Doc. No. 64.)

On December 3, 2008, the Court directed the respondent to answer three questions relating to the documents which petitioner seeks to add to the record. Respondent has filed his answers to these questions. (Doc. No. 72.)

In light of the above background information, the matters now before this Court for resolution are as follows:

- #60 Petitioner's **Objections** to #57 R&R recommending denial of #47 Petitioner's **Motion** to Alter/Amend Judgment; #64 Petitioner's **Motion** for Leave to Supplement Objections

- #70 Petitioner's **Objections** to #66 Order of Magistrate Judge Denying in Part #61[3] Petitioner's **Motion** for Reconsideration of #59 Order of Magistrate Judge Denying #53 Petitioner's Motion for Stay; #61 Petitioner's **Objections** to #59 Order of Magistrate Judge Denying #53 Petitioner's Motion for Stay; #65 Petitioner's **Motion** for Leave to Supplement Motion for Reconsideration and Objections

---

[3] Doc. No. 61 was a two-part document. The Magistrate Judge ruled on the first part (the motion for reconsideration of her order) and left the second part (petitioner's objections to the Magistrate Judge's September 23 Order) for the Court.

## II. DISCUSSION

### A.  Standard of Review

Fed.R.Civ.P. 72 addresses the standard of review for both non-dispositive and dispositive matters referred to a Magistrate Judge.

Under Rule 72(a), when it comes to a non-dispositive matter such as the Order (Doc. No. 66) denying a motion for reconsideration, the district judge "must consider any timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Objections are timely if they are filed within 10 days of service of the order.

As for a dispositive matter such as Doc. No. 57, under Rule 72(b), the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." The court may "accept, reject, or modify the recommended disposition[.]" Proper objections are filed within 10 days of service of the R&R and are specific in nature.

Here there are two sets of objections to two different orders and several motions relating to each. The Court will consider each in turn.

### B.  Petitioner's Objections (Doc. No. 60); Petitioner's Motions (Doc. Nos. 47 & 64)

After this Court ruled on several of petitioner's pending motions, including a motion for an order requiring the respondent to supplement the record with seventeen specific documents, petitioner filed a motion (Doc. No. 47) to alter or amend that order. The Court referred the motion to the Magistrate Judge who issued an R&R (Doc. No. 57) recommending that Doc. No. 47 be denied. Petitioner filed his objections (Doc. No. 60) and a motion for leave to supplement the objections (Doc. No. 64). Respondent, at the Court's request, filed a response to three specific questions relating to the objections. (Doc. No. 72.)

The Magistrate Judge recommended denial of Doc. No. 47, which had narrowed the request for supplementation to nine of the original seventeen documents petitioner had requested. In addition, the Magistrate Judge recommended denying a request for supplementation raised for the first time in petitioner's reply brief relating to "Exhibit 4," an affidavit of one John Turchik who had been a witness at his trial.

The R&R reasoned that the Court's February 22nd order denying supplementation of the record is not the proper subject of a motion to alter or amend judgment, and that, even construing the motion as a motion for reconsideration, petitioner failed to meet the test for reconsideration of an interlocutory order, namely: that there is (1) an intervening change of controlling law; (2) new evidence; or (3) a need to correct a clear error or prevent manifest injustice. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed.Appx. 949, 959 (6th Cir. 2004). Petitioner had relied on elements (2) and (3) of the *Rodriguez* test to support his argument in favor of supplementation.

The Magistrate Judge concluded that the Exhibit 4 which petitioner pointed to as "new evidence" and which the Magistrate Judge identified as "an *amici curiae* brief" was not new[4] and that petitioner failed to present a viable argument that the denial of the motion would result in manifest injustice because all of the other documents which petitioner wanted added to the record were from his first trial and were, therefore, irrelevant to this proceeding given that petitioner had been granted a new trial.

Petitioner submitted five objections:

1.    The Magistrate Judge was clearly erroneous in not finding that Petitioner's Rule 59(e) Motion fell within the exceptions to the

---

[4] The R&R also rejected the addition of "Exhibit 4" because it had not been raised until petitioner's reply brief and was not contained in the original motion.

requirement of a final judgment, contra Petitioner's right to due process secured by the Fifth Amendment.

2.   The Magistrate Judge was clearly erroneous in failing to find that the correct exhibit #4, filed February 28, 2008, in the first portion of Petitioner's traverse (traverse I) was new evidence, and finding that the new evidence was not properly presented before this Court.

3.   The Magistrate Judge is clearly erroneous in finding the new evidence as irrelevant to Petitioner's claim of actual innocence and double jeopardy.

4.   The Magistrate Judge was clearly erroneous in not finding that Petitioner presented a viable argument that the denial of the motion to supplement would result in manifest injustice.

5.   The Magistrate Judge was clearly erroneous by finding that the documents, items 3 through 11, are irrelevant to this proceeding.

(Doc. No. 60.)

After filing these objections, along with argument for each, petitioner filed a motion for leave to supplement them (Doc. No. 64), asserting that, at the time he drafted the objections, he did not have available to him in his cell a complete copy of his traverse.[5] For good cause shown, the motion is **GRANTED** and the arguments contained in Doc. No. 64 will be considered along with those in Doc. No. 60.

### 1.  Objection No. 1

There is no merit to this argument. The motion to alter or amend was also construed by the Magistrate Judge as a motion for reconsideration and was thoroughly evaluated

---

[5] Inmates at the institution are apparently only permitted to have in their possession at any one time a limited amount of legal materials.

under that standard. Therefore, it is of no consequence that the Magistrate Judge concluded, correctly in any event, that a Rule 59(e) motion was improper.

Accordingly, the recommendation that Rule 59(e) is inapplicable is **ACCEPTED**.

### 2. Objection Nos. 2 and 3

Petitioner's Objection No. 2 correctly points out that the Magistrate Judge erroneously considered Exhibit 4 to his second reply (Doc. No. 52) rather than Exhibit 4 to his first reply (Doc. No. 46) and rejected the former, an *amici curiae* brief, because it was not "new" evidence. The Magistrate Judge also remarked that petitioner had failed to explain how this "new" evidence would address his claims of actual innocence and double jeopardy and, therefore, provided no basis on which to recommend the granting of Doc. No. 47.

Of course, petitioner was not attempting to supplement the record with the *amici curiae* brief. The Exhibit 4 which he wants made part of the record is an affidavit of one John Turchik, a witness from petitioner's second trial. Petitioner asserts that this affidavit came into his possession in January 2008. He characterizes this affidavit as *Brady* material, that is, as containing exculpatory evidence which was withheld by the prosecution during both his trials. He believes this affidavit will help him establish his claims of double jeopardy and actual innocence.

In view of the fact that the Magistrate Judge actually considered the wrong exhibit when making her recommendation,[6] the Court **REJECTS** the R&R to the extent it concluded

---

[6] The Court cannot fault the Magistrate Judge for this mistake. Petitioner is the cause of the confusion of issues that arises in this case. Because he has shown the propensity for filing duplicative and overlapping documents, this case has become a giant jigsaw puzzle. As previously noted by the Court (*see* Doc. No. 68, at 3-4), "[t]his does him no service and may actually work against him." Here is one example of where his repetitive filings have worked against him to confuse, not clarify, the record.

that, since Exhibit 4 was not "new evidence," it would not be appropriate to supplement the record with the exhibit.[7]

Since the Magistrate Judge was not evaluating the correct exhibit when she concluded that there was no showing that failure to consider the exhibit would result in manifest injustice, the Court must *sua sponte* address that argument.

The Court finds convincing petitioner's argument that the mistake in dates has the potential of establishing his actual innocence claim. The affidavit suggests that the witness Turchik, who had testified at trial, made a mistake regarding the date when Amy Binns had supposedly told him in 1980 that she witnessed the shooting that took the life of Frank Carroll, the victim in this case, *and* that this mistake was virtually caused by the prosecution's having pressured him into identifying this mistaken date. Turchik's testimony at trial regarding the date of this conversation was apparently used to established the victim's date of death. The affidavit states that, in fact, the conversation took place two weeks later than Turchik had testified at the trial. Failure to consider the affidavit would be a manifest injustice, since petitioner claims he first discovered this information in January 2008. In so finding, the Court is not ruling on the merits of this issue but is merely noting that the argument for consideration of Turchik's affidavit is convincing for purposes of supplementing the record. Therefore, the Court must **REJECT** the R&R's mistaken conclusion with regard to Exhibit 4.

Even so, the Court will not order the respondent to "supplement" the record. Because Exhibit 4 is already part of Doc. No. 46, it *is* part of the record before this Court and can

---

[7] The Court also does not find dispositive the fact that this particular request to supplement was not made until the reply brief. Rejecting a document on that basis would, in the context of a *pro se* habeas petition, elevate form over substance. Of course, the Magistrate Judge reached this conclusion in conjunction with her decision that the document was not "new." Perhaps if petitioner would not have confused the record, thereby enabling the Magistrate Judge to consider the correct exhibit, she would also have decided differently on this issue.

be legitimately reviewed and considered *for whatever it may be worth* when this habeas petition is being decided on the merits.

### 3. Objection Nos. 4 and 5

As already noted, in addition to seeking supplementation of the record by adding the affidavit discussed above, petitioner has also modified his original motion to supplement by seeking an order directing the respondent to add the following to the record:

- Item 3 - Transcript of hearing for leave to file motion for new trial conducted on or about June 27, 28, 2002.
- Item 4 - Transcript of September 28, 1992 grand jury proceeding, which was allegedly provided in 1993 by an order of the court.
- Item 5 - Transcript of petitioner's 1993 trial.
- Item 6 - December 1, 1992 motion to compel.
- Item 7 - December 9, 1992 motion to compel.
- Item 8 - December 10, 1992 State's response to motion to compel.
- Item 9 - January 6, 1993 State's response to motion to compel.
- Item 10 - January 12, 1993 trial court's journal entry addressing motion(s) to compel.
- Item 11 - February 11, 1997 motion to compel.

Neither the original motion to supplement nor the motion to alter or amend that is the subject of the R&R was particularly clear as to how any or all of these items from petitioner's first trial might be relevant to his current habeas challenge to his second trial. Therefore, not surprisingly, the Magistrate Judge recommended denial of the motion to alter or amend, concluding that petitioner "fails to present a viable argument that the denial of the motion to supplement results in manifest injustice." (R&R at 3.) She also concluded: "the documents at issue are irrelevant to this proceeding, as previously stated by Judge Lioi." (*Id.*)

In his objections (Doc. No. 60) and even more so in his now-granted motion for leave to supplement objections (Doc. No. 64), petitioner has much more clearly articulated how

9

Case: 1:07-cv-00487-SL  Doc #: 74  Filed:  12/31/08  10 of 14.  PageID #: 1968

each of these items will serve as support for the grounds raised in his habeas petition and, in particular, how they support his two "traverses." Petitioner asserts that these items are all important for purposes of establishing several of his claims, particularly double jeopardy and actual innocence.

As to double jeopardy, he argues that the various transcripts and motions from his first trial will establish prosecutorial "overreaching" that will elevate his second trial to a double jeopardy under emerging jurisprudence across the country and in Ohio.[8] He asserts that his two "traverses" make several references to the first trial, all from his memory of the events, and that it would be a manifest injustice not to permit supplementation of the record by including the various transcripts of proceedings relating to his first trial.

As for actual innocence, petitioner asserts that the items will show that the actual cause of death was not a gunshot wound to the head (the State's theory), but rather a puncture wound in the victim's neck which severed his spinal cord. He asserts that the State was aware that its theory as to the cause of death was wrong, but it proceeded anyway on that theory and concealed the correct theory from petitioner. Petitioner argues that this information suggests that the death was caused by someone else. In addition, he asserts that the items will show that, between the two trials, evidence was tampered with, removed from the Lake County evidence room, and hidden from petitioner despite his diligence in attempting to gain access to the evidence. Apparently some of this evidence might have supplied DNA that arguably could have exonerated petitioner.

The Court asked the respondent whether any or all of the items sought by petitioner ever existed and, if so, whether they still exist. (*See* Doc. No. 68.) In a responsive

---

[8] The "emerging jurisprudence" is, indeed, argued at length in Doc. No. 46, beginning at page 298.

brief, the respondent indicated that all of the items are still available for production but that the double jeopardy claim raised by the petitioner, which the items are said to support, was waived by his failure to raise it before the state court. Respondent argues that it would be overly burdensome to require the filing of items 3 through 11 in petitioner's motion because it would be about 1300 pages of material relating to a procedurally defaulted claim.

Of course, the question of procedural default is a question going to the merits of the case and is not an issue currently before the Court. The Magistrate Judge, who has been asked to provide an R&R on the merits of the entire case, will need to make a recommendation regarding the default issue. However, should the Magistrate Judge disagree that there has been a procedural default on the issue of double jeopardy (or any other issue), then the case will be delayed further while the Court would have to consider once again whether to supplement the record.

The Court is of the view that, notwithstanding the burden to the respondent, where a person's liberty is at stake, all reasonable steps must be taken to provide an appropriate record on habeas review. Therefore, for that reason, and to avoid the potential for further delay should the respondent's assertion of procedural default fail, the Court **REJECTS** the R&R to the extent it concluded that the petitioner has failed to make a viable argument that the denial of the motion to supplement will result in manifest injustice.

In conclusion, the Court **GRANTS** petitioner's motion for leave to supplement objections. (Doc. No. 64.) The Court hereby **ACCEPTS IN PART AND REJECTS IN PART** the R&R (Doc. No. 57) and **GRANTS** petitioner's motion to alter or amend (Doc. No. 47). The Court directs respondent to supplement the record by serving and filing the documents identified

herein as Items 3 through 11, all of which, along with the Turchik Affidavit, can be considered by the Magistrate Judge as she prepares her R&R on the merits of the case.

**C.  Petitioner's Objections (Doc. Nos. 70 & 61); Petitioner's Motions (Doc. Nos. 61 & 65)**

On September 23, 2008, the Magistrate Judge issued an order denying petitioner's emergency motion for a stay of destruction of evidence. Petitioner had sought an order preventing Lake County's release to the victim's family of clothing and personal effects, apparently for burial. Petitioner filed a document (Doc. No. 61) styled as both a motion for reconsideration of that order (a matter for the Magistrate Judge's consideration) *and* objections to the order (a matter for this Court's consideration). Petitioner then filed a motion for leave to supplement his motion for reconsideration and his objections. (Doc. No. 65.) On November 12, 2008, the Magistrate Judge issued a Memorandum and Order denying Doc. No. 61 in part, addressing only the motion for reconsideration and leaving the objections for this Court. Petitioner then filed objections to *that* Order. (Doc. No. 70.)

In his original motion to stay destruction of evidence, petitioner had argued that Mr. Carroll's clothing would (1) show a lack of bullet holes (demonstrating that he had not been shot between the sixth and seventh vertebrae, which was the State's theory of the case) and (2) supply DNA and other trace evidence. He argued that this evidence would be important should this habeas petition result in a third trial.

Although considerable briefing has taken place relating to the motion to stay release of the victim's clothing and personal effects, a simple review of the docket of the criminal case in Lake County reveals that the State court had already ordered the release *before* petitioner filed his motion here. In addition, although petitioner also filed a motion in the State

12

court seeking to overturn the order releasing the victim's effects, that motion was denied by the State court on April 29, 2008.[9]

It would obviously be an exercise in futility for this Court to order return of the victim's effects almost nine months after their release. Clearly this issue is moot.

Accordingly, petitioner's objections to the Magistrate Judge's order are **OVERRULED** and Doc. Nos. 61 and 65 are **DENIED AS MOOT.**

## III. CONCLUSION

For the reasons discussed above, the Report and Recommendation (Doc. No. 57) relating to Petitioner's Motion to Alter or Amend Judgment is **ACCEPTED IN PART AND REJECTED IN PART** and the motion (Doc. No. 47) is **GRANTED** to the extent it seeks an order directing the respondent to supplement the record by supplying the transcripts and documents identified on page 9 as Items 3 through 11. These documents shall be filed by no later than January 30, 2009. The Court also declares that Doc. No. 46, Exhibit 4 may be considered as a supplement to the record when the Magistrate Judge undertakes her review of the merits of this petition.

Petitioner's objections to the Order of November 12, 2008 are **OVERRULED**.

Doc. Nos. 61 and 65 are **DENIED AS MOOT** and Doc. No. 64 is **GRANTED**.

---

[9] The respondent supplied a partial docket reflecting the State court's March 26, 2008 order and Schlee's April 7, 2008 motion opposing it. This Court's own review of the current docket reveals the April 29th order denying petitioner's motion.

13

## IV. SUBSEQUENT PROCEEDINGS

As already noted in a previous order of this Court (*See* Doc. No. 68, at 4-5), this Order now resolves all pending matters except the habeas petition itself. The Magistrate Judge will eventually issue an R&R on the merits of the petition. Thereafter, the parties will have ten (10) days to file *one* set of objections each and then ten (10) additional days to respond to the other party's objections. No other pleadings will be accepted by the Court.

**IT IS SO ORDERED**.

Dated: December 31, 2008

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**